## JOHN J. KUNDER

### v.

## JAMES E. SMITH ET AL.

*Sales—Contract for Sale of Corn—Breach—Verdict—Evidence—Variance—Instructions.*

1. In an action brought to recover damages for the alleged breach of a contract for the sale of certain corn, the defense being that there was no positive contract of sale, this court holds that the evidence justified the verdict of the jury in favor of the plaintiff.

2. Instructions should be plain, and as few as possible.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. BREWER & STRAWN, for appellant.

Messrs. SNYDER & STEAD, for appellees.

MR. JUSTICE LACEY.   This was a suit brought by appellee against appellant for the recovery of damages for breach of contract on appellant's part in not filling a contract to deliver 2,300 bushels of No. 2 corn, purchased July 6, 1890, and to be delivered half in July and the other half in September following—price thirty cents per bushel.   It appears from the evidence that appellee James E. Smith was engaged in the grain trade at Troy Grove, and that the other appellees, the firm of West, Andress & Co., were associated with him. The firm of West, Andress & Co. was composed of John West, M. S. Andress and Hiram Higgins.   The contract was entered by James E. Smith at the time it was made in his contract book.   The appellant was a farmer living in the vicinity of Troy Grove, and had the corn on his farm in a crib.   The appellee Smith claimed to have entered a memorandum of the contract in his contract book at the time it was made, as follows, viz.: " J. Kunder sold 1,150 bushels corn at thirty cents for September delivery, and J. Kunder sold 1,150 bushels of corn at thirty cents for July delivery." The corn was never delivered, and it was worth, as the evidence showed, forty-two cents per bushel on the last day of July and forty-three cents per bushel on the last day of September following the contract.   The case was tried by a jury and resulted in a verdict for appellees in the sum of $100, upon which the court, after overruling a motion for a new trial, rendered judgment.   From this judgment this appeal is taken.

The appellant contended before the jury and so testified, that he made no positive contract to sell his corn to appellee, but told him at the time the alleged contract was made that if he could get a " sheller "—a corn sheller—he would probably bring him some corn at the price appellees then offered— thirty cents per bushel.   But we think that the evidence clearly preponderated in appellees' favor and that the jury was clearly justified in finding the verdict it did.   There is some contention on the part of appellant that the contract

was changed, and corn to be delivered all at once, after oats harvest, or last of September. We do not understand there was any change, although appellees would doubtless have waived the time of delivery if appellant had offered to deliver even in September; but he repudiated the entire contract from the beginning.

There is a point made that there was a variance between the declaration and proof in regard to the grade or kind of corn actually purchased. We think there was no variance. The appellees purchased certain corn of appellant. It was represented by him to be a certain kind of yellow corn, but the contract did not specify the grade nor any particular lot of corn. It was to be corn and so many bushels. At least that was the evidence. The declaration in one count declared for the sale of No. 2 corn, and in the other simply corn. We think the evidence was sufficient to sustain either count. There is no evidence to show that when corn is purchased it does not mean good merchantable corn of the prevailing grade, and that was shown to be No. 2. If that had not been the case appellant could have shown it. Evidently appellees did not recover the price in July or even in September of No. 2 yellow corn. If they had recovered the price that No. 2 corn brought in the market when this corn should have been delivered by the terms of the contract, the verdict should have been over $200 instead of being $100. And there was only two cents difference in favor of No. 2 yellow corn in July and none in September. We see no merit in this defense.

The appellant complains of appellees' instruction No. 5, because he insists it does not require the finding of the jury to be based on the evidence, which, it is insisted, it should have done. We do not regard this criticism as just. Reading the instruction as a whole, it does require the findings of the jury to be based on the evidence, though that requirement is not repeated every time the findings are mentioned. We think the jury, however, could not have been misled by the instruction. All other instructions in the case specifically told the jury that its findings must be based on the

evidence. Appellant complains of the refusal of the court to give a large number of his refused instructions. There was no error in the refusal to give instructions numbers two, six, seven, nine, ten, eleven, twelve, thirteen, fourteen and fifteen. While this was a case that in its facts and circumstances required but a few plain instructions as to the law, the appellant prepared fifteen long instructions, most of which, from their very nature must have been faulty, or a repetition one of the other.

The court, however, gave numbers one, five and eight as asked, and modified numbers three and four, and gave them in a modified form. There is no error in the modification. On the part of appellees the court gave five instructions. The jury was fully instructed on all the necessary points of law involved in the case. It is bad practice for a court to reiterate in instructions the same principles of law. Instructions should be plain and few, and as simple as possible. Entirely too many instructions were asked on part of appellant.

It is objected that the court erred in allowing the memorandum of the contract made by the appellee Smith, to be read in evidence. We do not understand that it was read in evidence. The court only allowed the witness to refer to it to refresh his memory and state what it was. We see no error in allowing the testimony. Even if it could be regarded as improper, we should not be disposed to regard it as reversible error, as the clear preponderance of the other evidence in the case was in appellee's favor. The interest of all appellees in the suit was sufficiently shown.

Seeing no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*